1  RONALD D. ARENA, Bar No. 218421
   MICHAEL HOFFMAN, Bar No. 162496
2  ARENA HOFFMAN, LLP
   44 Montgomery Street, Suite 3520
3  San Francisco, CA 94104
   Telephone:  415.433.1414
4  Facsimile:  415.520.0446
   Email: rarena@arenahoffman.com
5         mhoffman@arenahoffman.com

6  Attorneys for Defendant REDFIN
   CORPORATION
7

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                             DEPUTY

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                                    Case No.  CV13- 3664 PSG(MRWx)

11 SRBUI BADIVIAN, an individual;
   THOMAS LETHBRIDGE, an
12 individual; on behalf of themselves,
   and on behalf of all others similarly    **NOTICE OF REMOVAL**
13 situated,

14          Plaintiffs,

15     v.                                   BY FAX

16 REDFIN CORPORATION; and
   DOES 1-100, inclusive,
17
            Defendants.
18

19 TO THE COURT CLERK, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

20          Defendant Redfin Corporation ("Defendant" or "Redfin"), for the

21 purpose of removing this case to the United States District Court for the Central

22 District of California on the basis of federal question jurisdiction 28 U.S.C. §§ 1331

23 and 1441, serves notice and respectfully avers:

24          **PLEADINGS AND PROCEEDINGS TO DATE**

25          1.     On or about April 19, 2013, this action was filed in the Superior

26 Court of California, County of Los Angeles, and assigned Case No. BC506423 on the

27 docket of said court.  The Summons from Los Angeles County to Defendant was

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL

1.

1    dated April 19, 2013 and shows that the action is pending in the Stanley Mosk
2    Courthouse, Central District, 111 North Hill Street, Los Angeles, California.
3    Defendant was served with the Summons and Complaint on April 23, 2013.  True and
4    correct copies of the Summons and Complaint are attached hereto as Exhibit A.

5          2.     On April 23, 2013, Defendant was also served with a Civil Case
6    Cover Sheet, a Civil Case Cover Sheet Addendum and Statement of Location, a
7    Notice of Case Assignment—Class Action Cases, a pamphlet entitled "Voluntary
8    Efficient Litigation Stipulations," a sample "Stipulation—Early Organizational
9    Meeting," a sample "Stipulation—Discovery Resolution," a sample "Informal
10   Discovery Conference," and a sample "Stipulation and Order—Motions in Limine."
11   True and correct copies of said documents are attached hereto as Exhibit B.

12         3.     On or about April 29, 2013, Plaintiff filed and served an Affidavit
13   of Prejudice Peremptory Challenge to Judicial Officer.  A true and correct copy of
14   said document is attached hereto as Exhibit C.

15         4.     Defendant is informed and believes that there has been no service
16   of process upon Defendant Does 1 through 20, nor other parties, named or otherwise.
17   The identification of "Doe" defendants does not defeat removal to this Court.  28
18   U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of
19   defendants sued under fictitious names shall be disregarded.")  Accordingly, all
20   identified Defendants have consented and join in the removal of this action.

21         5.     Thirty days since service of the Summons and Complaint have not
22   yet expired.  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

23         6.     Defendant is informed and believes that the aforementioned
24   Exhibits A, B, and C constitute all of the process, pleadings, and orders on file in the
25   action.

26   **FEDERAL QUESTION JURISDICTION**

27         7.     This action is one which may be removed to this Court by
28   Defendants pursuant to 28 U.S.C. §§ 1441, 1446, in that it asserts two causes of

2.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL

1  action, both of which arise under the Federal Fair Labor Standards Act, 29 U.S.C. §§

2  206 and 207.  Specifically, the Complaint asserts a claim for Failure to Pay Overtime

3  Compensation pursuant to 29 U.S.C. § 207 and a claim for Failure to Pay Minimum

4  Wages pursuant to 29 U.S.C. § 206.  No other causes of action are asserted in the

5  Complaint.  Because the only causes of action asserted in the Complaint arise under

6  federal statutory law, removal based on federal question jurisdiction is appropriate.

7  *See* 28 U.S.C. §§ 1331 and 1441

8                                          **VENUE**

9        8.     This is a civil suit brought in a California state court.  Plaintiffs

10  Srbui Badivian and Thomas Lethbridge ("Plaintiffs") allege that their "injuries

11  occurred in the County of Los Angeles and/or because Defendant maintains offices,

12  has agents, is licensed to transact, and does transact business, in this district."  (Cplt. ¶

13  4.)  Based on the allegations in Plaintiff's Complaint, Defendant is informed and

14  believes that the events giving rise to this action occurred within this judicial district.

15  This Court is the appropriate venue for actions removed from the Superior Court of

16  California, Los Angeles County.

17        9.     Defendant is giving written notice of the filing of this Notice of

18  Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy

19  with the Clerk of Courts of the Superior Court of California, Los Angeles County, as

20  further required by statute.

21        10.    WHEREFORE, Defendant prays that the above-referenced action

22  now pending in Los Angeles County Superior Court, Case No BC506423, be removed

23  from that court to this United States District Court.

24  Dated:      May 22, 2013

25

26                                          RONALD D. ARENA
                                            ARENA HOFFMAN LLP
27                                          Attorneys for Defendant REDFIN
                                            CORPORATION

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL

3.

# EXHIBIT A

*4-23-13*

*2 SWF*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REDFIN CORPORATION; AND DOES 1-100, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Srbui Badivian, an individual; Thomas Lethbridge, an individual; on behalf of themselves, and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 1 9 2013

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
Gina Grider

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Stanley Mosk Courthouse, Central District; 111 North Hill Street, Los Angeles, California 90012 | B C 5 0 6 4 2 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rhett T. Francisco; 5350 Topanga Cyn. Blvd., Woodland Hills, CA 91364; 818-319-9879

| DATE: *(Fecha)* | John A. Clarke | Clerk, by *(Secretario)* | GINA GRIDER | , Deputy *(Adjunto)* |
|---|---|---|---|---|

APR 1 9 2013

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Redfin Corporation**

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
EUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   RHETT T. FRANCISCO (SBN 232749)
    rhett_francisco_law@yahoo.com
2   **THE LAW OFFICES OF RHETT T. FRANCISCO**
    5350 Topanga Canyon Boulevard
3   Woodland Hills, CA 91364
    Tel.: (818) 319-9879
4   Fax: (888) 390-4816

5   PAWEL R. SASIK (SBN 240672)
    Email: pawelsasik@gmail.com
6   **THE LAW OFFICE OF PAWEL R. SASIK**
    5350 Topanga Canyon Boulevard
7   Woodland Hills, California 91364
    Tel.: (310) 571-5206
8
    ANDREW J. SOKOLOWSKI (SBN 226685)
9   Email: soksesq@att.net
    **THE LAW OFFICE OF ANDREW J. SOKOLOWSKI**
10  21250 Hawthorne Boulevard, Suite 500
    Torrance, California 90503
11  Tel.: (310) 210-5610
    Fax: (866) 489-0330
12
    Attorneys for PLAINTIFFS
13  SRBUI BADIVIAN and THOMAS LETHBRIDGE

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

16                                          B C 5 0 6 4 2 3

17  SRBUI BADIVIAN, AN INDIVIDUAL;      )   CASE NO.:
    THOMAS LETHBRIDGE, AN INDIVIDUAL; ON )
18  BEHALF OF THEMSELVES, AND ON BEHALF OF )   Unlimited Civil Case over $25,000
19  ALL OTHERS SIMILARLY SITUATED;      )
                                        )   **COMPLAINT**
20          PLAINTIFFS,                 )
                                        )   **[COLLECTIVE ACTION UNDER THE**
21      V.                              )   **FAIR LABOR STANDARDS ACT]**
                                        )
22  REDFIN CORPORATION; AND DOES 1-100, )   1.  FAILURE TO PAY OVERTIME
    INCLUSIVE,                          )       COMPENSATION [FAIR LABOR
23                                      )       STANDARDS ACT, 29 U.S.C. § 207]
                                        )   2.  FAILURE TO PAY MINIMUM WAGES
24          DEFENDANTS.                 )       [FAIR LABOR STANDARDS ACT, 29
                                        )       U.S.C. § 206]
25                                      )
                                        )   **DEMAND FOR JURY TRIAL**
26                                      )
                                        )
27                                      )

28

                                    1
                              COMPLAINT

1    PLAINTIFFS SRBUI BADIVIAN ("BADIVIAN") and THOMAS LETHBRIDGE

2    ("LETHBRIDGE") (collectively "PLAINTIFFS"), bring this action as a collective action

3    individually, and on behalf of all others similarly situated, under the Fair Labor Standards Act.

4    PLAINTIFFS bring this action on behalf of all United States residents who are current and

5    former employees of REDFIN CORPORATION (hereinafter "REDFIN" or "DEFENDANT")

6    who worked or are working as real estate agents ("AGENTS") for REDFIN from three years

7    before the date this action was filed until the time of class certification (the "Class").

8    <u>JURISDICTION AND VENUE</u>

9    1.    PLAINTIFFS bring this action on behalf of themselves and the Class to recover unpaid

10    minimum wages and overtime compensation for all hours worked.  PLAINTIFFS also seek pre-

11    judgment interest and reasonable attorneys' fees and costs.

12    2.    At all relevant times, PLAINTIFFS worked for and/or were employed by DEFENDANT in

13    Los Angeles, California as Agents.

14    3.    This Court has original jurisdiction over the subject matter of this action pursuant to

15    Article VI, section 10 of the California Constitution.

16    4.    Venue as to DEFENDANT is proper in this judicial district pursuant to California Code of

17    Civil Procedure sections 395(a) and § 395.5 because PLAINTIFFS' injuries occurred in the

18    County of Los Angeles and/or because Defendant maintains offices, has agents, is licensed to

19    transact, and does transact business, in this district.

20    5.    DEFENDANT is a Delaware corporation and is registered to do, and is doing, business in

21    California.  DEFENDANT is an employer whose employees are engaged throughout the United

22    States, including the State of California.

23    6.    The true names and capacities, whether individual, corporate, subsidiary, partnership,

24    associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to PLAINTIFFS

25    who therefore sue these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code §

26    474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and

27    capacities of Does 1 through 100, inclusive, when they are ascertained.

28    7.    On information and belief, PLAINTIFFS allege that the Defendants named in this

2

COMPLAINT

1  Complaint, including Does 1 through 100, inclusive, are responsible in some manner for one or

2  more of the events and happenings that proximately caused the injuries and damages hereinafter

3  alleged.

4  8.     On information and belief, PLAINTIFFS allege that the defendants named in this

5  Complaint, including Does 1 through 100, inclusive, are, and at all times mentioned herein were,

6  agents, servants, and/or employees of each of the other defendants and that each defendant was

7  acting within the course of scope of his, hers or its authority as the agent, servant and/or employee

8  of each of the other defendants.  Consequently, all the defendants are jointly and severally liable to

9  PLAINTIFFS and the other members of the CLASS, for the damages sustained as a proximate

10  result of their conduct.

## DEFENDANT

11

12  9.     REDFIN operates an online real estate brokerage, doing business in California and various

13  other states in the United States of America.

14  10.    At all times during the Class Period, REDFIN:

15          a.  Was a company organized and existing under the laws of Delaware, and was, and

16              is, registered to do business in California;

17          b.  Was the current and/or former employer of PLAINTIFFS and the Class members;

18          c.  Failed to pay minimum wages; and

19          d.  Failed to pay overtime.

## DEFENDANT'S CONDUCT

20

21  11.    The acts alleged in this Complaint occurred, at least in part, within the last three (3) years

22  preceding the filing of this complaint (the "Class Period").  DEFENDANT's conduct, described

23  below, was willful and intentional, such that the 3-year statute of limitations under 29 U.S.C.

24  section 255(a) applies.

25  12.    REDFIN employs real estate agents ("AGENTS") and improperly fails to pay them for

26  all hours worked, including minimum wage pay and overtime pay.  Instead, REDFIN pays some

27  AGENTS a small base salary plus non-discretionary bonuses based on customer surveys after a

28  house is sold.  Other AGENTS are paid based on non-discretionary bonuses based on customer

1   surveys after a house is sold and do not receive a base salary.

2   13.   REDFIN employed BADIVIAN as an AGENT from March 2012 until March 2013.

3   14.   BADIVIAN's responsibilities during her time as an AGENT included reviewing contracts

4   for home sale closings, attending various team meetings, preparing paperwork for home sale

5   closings, finalizing contracts for home sale closings, and preparing and attending home showings.

6   15.   As an AGENT, BADIVIAN was not paid an hourly rate or base salary. Instead, REDFIN

7   paid BADIVIAN only non-discretionary bonuses based on the ratings she received in customer

8   surveys after a sale closed.

9   16.   During the approximately 1 year REDFIN employed BADIVIAN as an AGENT, REDFIN

10   paid BADIVIAN a total of approximately $10,000.00

11   17.   During the approximately 1 year REDFIN employed BADIVIAN as an AGENT,

12   BADIVIAN worked from about 6:30 a.m. or 7:30 a.m. until 12:00 a.m. (midnight) on average.

13   18.   REDFIN employed LETHBRIDGE as an AGENT from March 2012 until August 2012.

14   19.   LETHBRIDGE's responsibilities during his time as an AGENT included reviewing

15   contracts for home sale closings, finalizing contracts for home sale closings, attending team

16   meetings, and preparing paperwork for home sale closings.

17   20.   As an AGENT, LETHBRIDGE was not paid an hourly rate or base salary. Instead,

18   REDFIN paid LETHBRIDGE only non-discretionary bonuses based on the ratings he received in

19   customer surveys after a sale closed.

20   21.   During the time REDFIN employed LETHBRIDGE as an AGENT, REDFIN paid

21   LETHBRIDGE a total of approximately $27,500.00

22   22.   During the time REDFIN employed LETHBRIDGE as an AGENT, LETHBRIDGE

23   worked from about 7:30 a.m. until 11:00 p.m. on average.

24   23.   On information and belief, DEFENDANT uniformly imposes job duties and requirements

25   on all Class members that require them to work hours in excess of 40 per week.

26   24.   On information and belief, DEFENDANT implements and enforces a uniform policy

27   and/or practice for paying the Class members which includes non-discretionary bonuses based on

28   customer surveys, and fails to include any hourly compensation.

25.     REDFIN's compensation scheme resulted in PLAINTIFFS and Class members being paid a rate of compensation far below the applicable minimum wage.

26.     REDFIN's compensation scheme failed to provide overtime compensate to PLAINTIFFS and Class members, even though they routinely worked in excess of 40 hours per week.

27.     REDFIN willfully, intentionally and improperly failed to pay PLAINTIFFS minimum wages for all hours worked, in violation of the Fair Labor Standards Act.

28.     REDFIN willfully, intentionally and improperly failed to pay PLAINTIFFS appropriate overtime pay for the hours she worked in excess of 40 per week, in violation of the Fair Labor Standards Act.

29.     On information and belief, REDFIN implements and enforces a systematic policy and/or practice of willfully, intentionally, and improperly failing to pay Class members appropriate minimum wages and overtime pay in violation of the Fair Labor Standards Act.

30.     During the Class Period, PLAINTIFFS worked as Agents for REDFIN in California.  At all times, PLAINTIFFS and the other Class members worked for REDFIN and they:

    a.   Were not paid minimum wages for all time worked;

    b.   Were not paid overtime compensation despite working more than 40 hours per week;

### CLASS COLLECTIVE ALLEGATIONS

31.     PLAINTIFFS brings this action on their own behalf, and on behalf of each and all other persons similarly situated, as a collective action under the Fair Labor Standards Act on behalf of:

    All employees of REDFIN who worked as salaried real estate agents, or in positions with the same or substantially similar duties, at any time from three years before the filing date of PLAINTIFFS's original complaint to final date on which Class members may opt in to the Class (the "Nationwide Collective Class")

32.     PLAINTIFFS bring this action on behalf of the Nationwide Collective Class as a collective action pursuant to 29 U.S.C section 216(b).

33.     BADIVIAN consents to opt-in to this action, as required by 29 U.S.C. section 216(b).

34.   LETHBRIDGE consents to opt-in to this action, as required by 29 U.S.C. section 216(b).

35.   Notice of the pendency and any resolution of this action can be provided to potential members of the Nationwide Collective Class by mail, print, and/or internet publication, such that the Class member can then determine whether to affirmatively opt in to this collective action as set forth in 29 U.S.C. section 216(b).

36.   Conditional certification under the Fair Labor Standards Act requires only that (a) all plaintiffs are similarly situated and (b) all plaintiffs consent in writing to take part in the lawsuit.

37.   PLAINTIFFS and the Class members are similarly situated in that, among other things:

    a.   REDFIN imposed job duties on all of them that required them to routinely work in excess of 40 hours per week; and

    b.   REDFIN subjected them all subject to identical policies, procedures, and/or practices related to their compensation.

38.   Through those policies, procedures, and/or practices REDIN willfully and intentionally failed to pay PLAINTIFFS and the Class members minimum wages and overtime as the law requires.

### FIRST CAUSE OF ACTION:

### FAILURE TO PAY MINIMUM WAGES

**[Fair Labor Standards Act, 29 U.S.C. § 206]**

**(By PLAINTIFFS, and the Class, against Defendant)**

39.   PLAINTIFFS incorporate the above paragraphs by this reference, as though they were fully set forth herein.

40.   At all relevant times, DEFENDANT willfully and intentionally failed to pay PLAINTIFFS, and Class members, minimum wages as 29 U.S.C. section 206 requires.

41.   DEFENDANT operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay PLAINTIFFS and other Class members minimum compensation at the rates required by the FLSA, 29 U.S.C. section 206.

42.   DEFENDANT imposed job duties on PLAINTIFFS and other Class members that required them to work excessive hours in return for receiving non-discretionary bonuses based solely on

6

COMPLAINT

1  customer surveys after the sales closed.

2  43.    The non-discretionary bonuses PLAINTIFFS and other Class members received do not

3  amount to minimum wage.

4  44.    DEFENDANT does not pay PLAINTIFFS and Class members a regular wage. As a result,

5  Defendants have failed to comply with 29 U.S.C. section 206 in that it fails to timely pay at least

6  minimum wages for all hours worked to the PLAINTIFFS and Class Members.

7  45.    Through this unlawful course of conduct, which DEFENDANT deprived PLAINTIFFS

8  and Class members of the hourly wages provided by the FLSA, 29 U.S.C. section 206(a)(1),

9  currently $7.25 per hour.

10  46.    On information and belief, DEFENDANT's course of conduct is ongoing and continuous.

11  47.    As a result of DEFENDANT's unlawful acts, PLAINTIFFS and Class members are

12  entitled to recovery in the amounts of their respective unpaid minimum wages, liquidated

13  damages; prejudgment interest, attorneys' fees and costs, and any other relief the Court deems

14  just and proper pursuant to FLSA, 29 U.S.C. section 216(b).

15  <b><u>SECOND CAUSE OF ACTION:</u></b>

16  <b>FAILURE TO PAY REQUIRED OVERTIME WAGES</b>

17  <b>[FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207; 29 CFR § 778.106]</b>

18  <b>(By PLAINTIFFS, and the Class, against Defendant)</b>

19  48.    PLAINTIFFS incorporate the above paragraphs by this reference, as though they were

20  fully set forth herein.

21  49.    At all times relevant, DEFENDANT employed and continues to employ "employee[s]"

22  within the meaning of FLSA, 29 U.S.C. section 203.

23  50.    DEFENDANT willfully and intentionally engaged in a systematic pattern and practice of

24  violating the provisions of the FLSA by failing to pay PLAINTIFFS and Class members

25  overtime wages as 29 U.S.C. section 207 requires.

26  51.    DEFENDANT imposed job duties on PLAINTIFFS and other Class members that

27  required them to work hours exceeding 40 hours per week. DEFENDANT willfully,

28  intentionally and improperly failed to pay them appropriate overtime pay when they worked in

7

COMPLAINT

1    excess of 40 hours per week, in violation of the Fair Labor Standards Act.

2    52.    DEFENDANT enforced a uniform policy that did not pay PLAINTIFFS and Class

3    members overtime. As a result, DEFENDANT violated 29 U.S.C. section 207 by failing to pay

4    appropriate overtime compensation.

5    53.    On information and belief, DEFENDANT's course of conduct is ongoing and continuous.

6    54.    As a result of the unlawful acts of Defendants, PLAINTIFFSs and all FLSA Class

7    Members who opt-in are entitled to recovery in the amounts of their respective unpaid overtime

8    wages, liquidated damages; prejudgment interest, attorneys' fees and costs, and any other relief the

9    Court deems just and proper pursuant to FLSA, 29 U.S.C. § 216(b).

10                          **DEMAND FOR JURY TRIAL**

11   55.    PLAINTIFFS demand a trial by jury on all claims set forth in this Complaint.

12                           **PRAYER FOR RELIEF**

13   ON THE FIRST CAUSE OF ACTION:

14   1.    For general unpaid minimum wages;

15   2.    For liquidated damages equal to the amount of unpaid compensation;

16   3.    For pre-judgment interest on any unpaid minimum wages from the date such amounts were

17   due;

18   4.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to the FLSA,

19   29 U.S.C. section 216(b); and

20   5.    For such other and further relief as the Court may deem appropriate.

21   ON THE SECOND CAUSE OF ACTION:

22   1.    For general unpaid wages at overtime wage rates;

23   2.    For liquidated damages equal to the amount of unpaid compensation;

24   3.    For pre-judgment interest on any unpaid overtime compensation from the date such

25   amounts were due;

26   4.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to the 29

27   U.S.C. section 216(b); and

28   5.    For such other and further relief as the Court may deem appropriate.

8

COMPLAINT

1

2    DATED: April 19, 2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF
ANDREW J. SOKOLOWSKI

ANDREW J. SOKOLOWSKI

21250 Hawthorne Boulevard
Suite 500
Torrance, California 90503
Phone: (310) 210-5610
Fax:    (866) 489-0330
Email: soksesq@att.net

Attorneys for PLAINTIFFS
SRBUI BADIVIAL and THOMAS
LETHBRIDGE

9

COMPLAINT

# EXHIBIT B

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>The Law Offices of Rhett T. Francisco; Rhett T. Francisco (SBN 232749); 5350<br>Topanga Canyon Blvd., Woodland Hills, CA 91364; The Law Office of Andrew J.<br>Sokolowski; Andrew J. Sokolowski (SBN 226685); 21250 Hawthorne Boulevard,<br>Suite 500, Torrance, CA 90503<br>TELEPHONE NO.: 310-319-9879    FAX NO.: 888-390-4816<br>ATTORNEY FOR *(Name):* Srbui Badivian and Thomas Lethbridge | *FOR COURT USE ONLY*<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>APR 19 2013<br><br>JOHN A CLARKE, EXECUTIVE OFFICER/CLERK<br>BY_____ Deputy<br>Gina Grider |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Central District, Stanley Mosk Courthouse |

| CASE NAME:<br>Badivian, et al. v. Redfin Corporation | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC506423 |
|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ✓ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 19, 2013

Rhett T. Francisco
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Badivian, et al. v. Redfin Corporation | CASE NUMBER BC 506423 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☑ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | Type of Action | B (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Badivian, et al. v. Redfin Corporation | |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Wrongful Termination (36)** | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☑ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer- Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (vertical text): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property — Judicial Review  Unlawful Detainer

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Badivian, et al. v. Redfin Corporation | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Badivian, et al. v. Redfin Corporation | CASE NUMBER |
|---|---|

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Class Action<br>Central District, Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: April 19, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**

**abtl**

**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association**
**Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)
Date:

_____            ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

_____            ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
        **STIPULATION – DISCOVERY RESOLUTION**
        Page 1 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____      ➢      _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____      ➢      _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢      _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢      _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢      (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____      ➢      (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____      ➢      (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:

CASE NUMBER:

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# EXHIBIT C

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|
| Rhett T. Francisco<br>The Law Offices of Rhett T. Francisco<br>5350 Topanga Canyon Boulevard<br>Woodland Hills, California 91364 | 232749 | |

ATTORNEY FOR (Name): Plaintiffs Srbui Badivian, et al.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
600 S. Commonwealth Avenue, Los Angeles, California 90005

PLAINTIFF:
SRBUI BADIVIAN, et al.

DEFENDANT:
REDFIN CORPORATION

| AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC505423 |
|---|---|

| Name of Judicial Officer<br>William F. Highberger | Dept./Div. Number<br>307 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California<br>that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br><br>April 26, 2013 | Signature of Declarant | Srbui Badivian, et al.<br>(Name of Party)<br>☑ Plaintiff     ☐ Cross Complainant<br>☐ Defendant    ☐ Cross Defendant |

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., § 170.6

# PROOF OF SERVICE

I reside in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is: 5350 Topanga Canyon Boulevard, Woodland Hills, California 91364.

On April 29, 2013, I served the following documents described as **AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** on the interested parties to be noticed in said action, by delivering a true copy, via the method indicated below, to the following recipient(s):

> Agent for Service of Process
> National Registered Agents, Inc.
> 818 W. Seventh Street
> Los Angeles, California 90017

☒ **BY MAIL** I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing; under the practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **BY FACSIMILE** I transmitted the foregoing document via facsimile to the recipient(s) listed above at

☐ **BY EXPRESS SERVICE CARRIER** I am "readily familiar" with the firm's practice for collection and processing of correspondence for overnight mail/FedEx; under the practice it is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the recipient(s) listed above.

☐ **BY PERSONAL SERVICE:** I delivered the foregoing document by hand to the recipient listed above:

at                     a.m. / p.m.

☒ **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 29, 2013 at Los Angeles, California.

Joshua Maxman

Justice
FOREVER

SANTA CLARITA CA 913
20 MAR 2013 PM 4 L

Rhett T. Francisco, Esq.
LAW OFFICES OF RHETT T. FRANCISCO
5350 Topanga Canyon Boulevard
Woodland Hills, California 91364

Agent for Service of Process
National Registered Agents, Inc.
818 W. Seventh Street
Los Angeles, California 90017

9001 7340799

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  CHRIS ROSKE
　　REDFIN CORPORATION
　　2025 FIRST AVE
　　SUITE 600
　　SEATTLE, WA 98121

SOP Transmittal # **522644584**

213-337-4615 - Telephone

Entity Served:  REDFIN CORPORATION (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 02 day of May, 2013. The following is a summary of the document(s) received:

1.　**Title of Action:**  Srbui Badivian, etc. and Thomas Lethbridge, etc., Pltfs. vs. Redfin Corporation, et al., Dfts.

2.　**Document(s) Served:**  Other: AFFIDAVIT/PROOF OF SERVICE

3.　**Court of Jurisdiction/Case Number:** Los Angeles County - Superior Court, CA
　　　　　　　　　　　　　　　　Case # BC506423

4.　**Amount Claimed, if any:** N/A

5.　**Method of Service:**

　　___ Personally served by:　　___ Process Server　　___ Deputy Sheriff　　___ U. S Marshall

　　_X_ Delivered Via:　　___ Certified Mail　　_X_ Regular Mail　　___ Facsimile

　　___ Other (Explain):

6.　**Date of Receipt:** 05/02/2013

7.　**Appearance/Answer Date:**  None Specified

8.　**Received From:**　Rhett T. Francisco
　　　　　　　　　　The Law Offices of Rhett T. Francisco
　　　　　　　　　　5350 Topanga Cyn. Blvd.
　　　　　　　　　　Woodland Hills, CA 91364
　　　　　　　　　　818-319-9879

9.　**Federal Express Airbill #** 799674759703

10.　**Call Made to:** Not required

11.　**Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day

**NATIONAL REGISTERED AGENTS, INC.**

CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV13- 3664 PSG (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SRBUI BADIVIAN, an individual; THOMAS LETHBRIDGE, an individual; on behalf of themselves, and on behalf of all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

REDFIN CORPORATION; and DOES 1-100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Andrew J. Sokolowski, Bar No. 226685
The Law Office of Andrew J. Sokolowski
21250 Hawthorne Boulevard, Suite 500
Torrance, CA 90503; (310) 210-5610

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ronald D. Arena, Bar No. 218421
Arena Hoffman LLP
44 Montgomery Street, Suite 3520
San Francisco, CA 94104; (415) 433-1414

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331 and 1441. Claims in Complaint are for unpaid overtime and failure to pay minimum wage in violation of the FLSA, 29 U.S.C. §§ 206, 207.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number:  **CV13- 3664**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington State |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: May 22, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |